**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

|  |  |  |
|---|---|---|
| Michael McCann, | ) | CIVIL ACTION NO.: |
|  | ) |  |
|  | ) | **COMPLAINT** |
| *Plaintiff,* | ) | *(Federal Tort Claims Act)* |
| vs. | ) | *(Gross Negligence/Negligence)* |
|  | ) | *(Jury Trial Requested)* |
| United States of America, | ) |  |
|  | ) |  |
| *Defendants.* | ) |  |

The Plaintiff, by and through his undersigned counsel, hereby brings the following claims against the Defendant United States of America, and sets forth as grounds to the Complaint the following:

## PARTIES

1.     The Plaintiff, Michael McCann, is a citizen and resident of the County of Brevard, State of Florida. Plaintiff is filing this case pursuant to the Federal Tort Claims Act, Title 28 of the United States Code, (U.S.C.) § 2671, et seq. (collectively, the "FTCA").

2.     The Defendant, United States of America ("United States"), is the proper Defendant per the FTCA as FCI Edgefield is a medium-security United States federal prison in South Carolina. It is operated by the Federal Bureau of Prisons, a division of the United States Department of Justice.

3.     United States is the proper Party-Defendant in this action pursuant to the FTCA for a claim seeking money damages for personal injuries caused by the grossly negligent,

negligent, or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. Specifically, the Plaintiff's allegations of negligence/gross negligence herein are against correctional staff working within their scope of federal employment for the Federal Bureau of Prisons at FCI Edgefield.

4.      The Plaintiff alleges that he was injured on August 4, 2023, as a result of FCI Edgefield and its staff and correctional officers' gross negligence, recklessness, willfulness, wantonness, and wrongful conduct, and gross breaches of the proper standard of care.

5.      Plaintiff timely submitted Claims for Damages (commonly referred to as a Standard Form 95) to the Federal Bureau of Prisons, Southeast Regional Office, on November 5, 2024. (Exhibit A).

6.      On December 5, 2024, the Federal Bureau of Prisons' representative J. Carter wrote Plaintiff's Counsel confirming that Plaintiff's claim was accepted for filing on November 12, 2024, and that the Government had six (6) months from that date to make a final disposition regarding Plaintiff's claim. (Exhibit. B).

7.      On May 1, 2025, Plaintiff's counsel received a letter from the Federal Bureau of Prisons' representative L. Crane denying Plaintiff's claim and affording him six (6) months to file the appropriate lawsuit in the United States District Court.

8.      Venue is proper in this Court under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1402 because the acts and/or omissions complained of herein occurred in whole or in part in Edgefield County, South Carolina, which is within the Greenwood Division of the United States District Court for the District of South Carolina.

9.      Liability is additionally determined in accordance with the state laws in the place of occurrence (*i.e.*, the State of South Carolina), federal laws and regulations, patient's bill of rights, and other, where these acts and/or omissions occurred. 28 U.S.C. §1346.

4

**GENERAL AND FACTUAL ALLEGATIONS**

10.     Upon information and belief, on August 4, 2023, Plaintiff was an inmate within the custody and control of the Defendant United States of America while incarcerated at FCI Edgefield in Edgefield, SC. Plaintiff was housed in the Special Housing Unit of FCI Edgefield and was separated from the general population.

11.     At approximately 2:00PM, Plaintiff was found unresponsive in his cell after a brutal and vicious assault.  Upon discovering Plaintiff in an unconscious state for an unknown period of time, correctional staff administered Plaintiff Narcan at 2:00pm, 2:12pm, and 2:15pm, with no response noted.

12.     Plaintiff was not transported to medical until approximately 2:20pm and presented to Richard Velez, RN.  Mr. Velez noted that Plaintiff had severe deformity to the left side of his face and left eye.  Mr. Velez was unable to identify Plaintiff's left eye, which was eventually discovered back in Plaintiff's cell on the floor.  Mr. Velez also noted edema, erythema, specifically to both sides of Plaintiff's neck area, and hematoma, and placed Plaintiff in a C-collar.  Plaintiff was administered a fourth dose of Narcan at approximately 2:20pm and remained unresponsive.  Plaintiff was administered oxygen through a nasal cannula and transported to Augusta University Trauma Center where he was admitted.

13.     Augusta University Trauma Center noted that Plaintiff presented as a level 1 trauma following an unwitnessed assault at FCI Edgefield.  It further noted that Plaintiff was found down in flexor posturing, unresponsive, and with a left enucleated eye.  Plaintiff was noted to have suffered from "strangling" and was diagnosed with the following: subarachnoid hemorrhaging and hematomas, left hemothorax, right pneumothorax, respiratory distress requiring intubation, thalamic infarct, a GCS score of 3, acute respiratory failure, traumatic enucleation of his left eye, acute encephalopathy, and an altered mental state, among other

4

diagnoses and severe injuries.

14.     Plaintiff remained admitted at Augusta University Trauma Center suffering from his injuries, severe anoxic brain injury, connected to a ventilator with a tracheostomy following intubation, and PEG tube placement, as well as complications from the same.

15.     Plaintiff remained under medical treatment, rehabilitation services, and care until his release on or around April 19, 2023.

16.     Plaintiff currently still suffers, and will for the rest of his life, from the debilitating effects of this attack and injuries suffered.

17.     FCI Edgefield, by and through its employees, agents, servants, and correctional/law enforcement officers committed grossly negligent and/or reckless acts or omissions which directly contributed to Plaintiff's pain, suffering, injuries, and permanent disability and impairment.

18.     As a direct and proximate result of Defendant's gross negligence, recklessness, willfulness, wantonness, and wrongful conduct, and gross breaches of the proper standard of care, Plaintiff has suffered both physical, emotional, and mental injuries.  He has also suffered permanent injury and scarring, loss of enjoyment of life, conscious pain and suffering, medical expenses, diminished capacity, mental anguish, emotional distress, medical costs, loss of future earning capacity, future medical expenses and reliance on others, and has had to undergo hospitalizations, multiple surgeries, with future treatment for the remainder of his life.

19.     Plaintiff asserts each separate act/incident of gross negligence, by security and medical personnel, including but not limited to each failure to provide proper security and monitoring, to provide basic emergency care, and failure of security personnel to request emergency medical treatment, among other breaches, constitutes a separate occurrence under the South Carolina Torts Claims Act.  Plaintiff further asserts that every grossly negligent act

4

and/or omission temporally separated from the previous or subsequent act/omission constitutes a separate and distinct occurrence and respectfully places Defendant and the Court on notice of his intentions to request the Court to allow the jury to determine the number of occurrences related to the above separate acts/omissions and breaches of the standard of care. Therefore, Plaintiff is entitled to actual and consequential damages, and any other award as the court deems fit, up to the statutory caps for each occurrence described above, in the causes of action below, in any and all additional occurrences discovered throughout the pendency of this lawsuit, and in the number of occurrences determined by a jury based on the facts and evidence presented.

## FOR A FIRST CAUSE OF ACTION
### (GROSS NEGLIGENCE/NEGLIGENCE)

20. Each and every allegation of fact stated above is re-alleged herein as if restated verbatim.

21. The injuries and damages incurred by Plaintiff were directly and proximately caused by the grossly negligent, negligent, careless, and/or reckless acts of Defendant and their respective agents, staff, contractors, servants and/or employees in one or more of the following particulars:

    a. In failing to properly monitor the Plaintiff at FCI Edgefield;

    b. In failing to properly train, monitor and supervise its personnel agents and/or employees so as to ensure the safety of the inmates (including the Plaintiff) located at FCI Edgefield;

    c. In failing to adhere to prison policies, procedures, and/or training on supervision of the SHU;

    d. In failing to adhere to prison policies, procedures, and/or training regarding cell checks and classification in the SHU;

    e. In failing to have appropriate policies and procedures in place to provide for the safety and wellbeing of the inmate population at FCI Edgefield, to include the

4

Plaintiff; if such policies exist, in failing to follow the same;

f.   In failing to protect the Plaintiff;

g.   In failing to provide any level of security in SHU during the required time period for cell checks and oversight to prevent injuries to Plaintiff;

h.   In failing to provide any level of security in SHU for a significant period of time after Plaintiff suffered obvious harm;

i.   In failing to recognize a medical emergency;

j.   In failing to respond to a medical emergency in a timely manner;

k.   In failing to hire and retain adequately trained and appropriate correctional staff to prevent harm to the inmate population – to include Plaintiff;

l.   In failing to provide adequate and appropriate security officers at FCI Edgefield;

m.   In failing to provide the appropriate number of correctional staff at SHU in FCI Edgefield;

n.   In allowing harm to the Plaintiff and failing to provide subsequent aid in timely manner; and

o.   In all other failures, deviations, and/or grossly negligent conduct as may be discovered throughout the pendency of this litigation.

22.    As a direct and proximate result of Defendant's gross negligence, recklessness, willfulness, wantonness, and wrongful conduct, and gross breaches of the proper standard of care, Plaintiff has suffered both physical, emotional, and mental injuries.  He has also suffered permanent injury and scarring, loss of enjoyment of life, conscious pain and suffering, medical expenses, diminished capacity, mental anguish, emotional distress, medical costs, loss of future earning capacity, future medical expenses and reliance on others, and has had to undergo hospitalizations, multiple surgeries, with future treatment for the remainder of his life.

5

WHEREFORE, the Plaintiff prays judgment against the Defendant, for ACTUAL AND CONSEQUENTIAL DAMAGES, to be determined by a competent jury and for reasonable attorney's fees and the costs of this action.

_s/ Andrew W. Kunz_
Andrew W. Kunz (FED ID #11198)
Elliott, Phelan, Kunz & Slocum, LLC
P.O. Box 1405
Georgetown, SC  29442
(843) 546-0650 (phone)
(843) 546-1920 (fax)
andrew@elliottphelanlaw.com

June 16, 2025
Georgetown, South Carolina

*ATTORNEY FOR THE PLAINTIFF*

5